**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO:**

ALEXANDER WILLIAMS, on behalf
of himself and all others similarly situated,

    Plaintiff(s),

v.

EXPRESS DRAIN & SEWER
CLEANING, LLC f/k/a EM GROUP
VENTURES, LLC,

    Defendant.
_____/

**COLLECTIVE COMPLAINT FOR DAMAGES
AND DEMAND FOR JURY TRIAL**

Plaintiff, ALEXANDER WILLIAMS ("Plaintiff" or "Williams"), on behalf of himself and all others similarly situated, pursuant to 29 U.S.C. § 216(b), files the following Collective Action Complaint for Damages and Demand for Jury Trial against Defendant, EXPRESS DRAIN & SEWER CLEANING, LLC f/k/a EM GROUP VENTURES, LLC ("Defendant")[1] and alleges as follows:

**INTRODUCTION**

1.    This is a Collective Action arising under the Fair Labor Standards Act ("FLSA"), pursuant to 29 U.S.C. §§ 201–216, to seek redress of Defendant's class-wide violations of the FLSA. During the relevant time period, Defendant misclassified Plaintiff and all other similarly

---

[1] On or about October 20, 2021, Defendant's registered agent and managing member filed its Article of Amendment to Articles of Organization with the Florida Secretary of State to change its name from EM Group Ventures, LLC to Express Drain & Sewer Cleaning, LLC.

situated employees as exempt and failed to pay a plethora of plumbers and laborers overtime compensation for their work in excess of forty (40) hours per a week.

## PARTIES

2. During all times material hereto, Plaintiff was and remains a resident of Broward County, Florida, over the age of 18 years, and otherwise *sui juris.*

3. During all times material hereto, Defendant was a Florida Limited Liability Company licensed to transact business in Florida within the jurisdiction of this Honorable Court, and maintained a principal place of business at 5801 Mayo St., Hollywood, FL 33023.

4. During all times material hereto, Defendant possessed authority to hire, fire, and discipline Plaintiff.

5. During all times material hereto, Defendant created and administered the payroll practices applicable to Plaintiff, including the issuance of paychecks to Plaintiff.

6. During all times material hereto, Plaintiff was dependent upon Defendant for his employment, as Defendant supervised, directed, and controlled Plaintiff's day-to-day responsibilities, and used Plaintiff's work in furtherance of its business objectives.

7. Defendant was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

## JURISDICTION AND VENUE

8. All acts and omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

9. Defendant regularly transacts business in Broward County, Florida, and jurisdiction is therefore proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.

10. Venue is also proper within the Southern District of Florida pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1391(b).

## GENERAL ALLEGATIONS

11. Defendant provides drain cleaning and plumbing services to residential and commercial clients, including services such as, but not limited to, sewer draining and cleaning, high pressure jetting, storm drain cleaning, plumbing maintenance and repair, and grease trap cleaning.[2]

12. Defendant hired Plaintiff to work for it as a plumber in or around August 2017.

13. Plaintiff's primary job duties during his employment period included, but were not limited to: repairing pipes, fixing leaks, performing maintenance work on toilets and faucets, labor, handling service calls, drain cleaning, installment work, etc.

14. Defendant has employed dozens of similarly situated plumbers who held the same or substantially similar duties as Plaintiff during the course of the previous three (3) years.

15. Plaintiff did not have a fixed work schedule but typically worked approximately 40-55 hours per week.

16. Defendant paid Plaintiff a salary of $600 per week, plus non-discretionary bonuses and commissions.

17. However, Defendant failed to pay Plaintiff overtime wages in one or more workweeks for the work he performed in excess of forty (40) hours.

---

[2] *See* "Services," available at https://expressdrainplumbing.com/all-services/ (last visited on September 8, 2022).

18. Defendant deliberately avoided its obligation to compensate Plaintiff at the lawful time-and-a-half rate for some or all of the hours that Plaintiff worked in excess of forty (40) per week despite being expressly or constructively aware of Plaintiff's work.

19. Defendant regularly manipulated the time records for Plaintiff during the relevant time period in an attempt to avoid its federal overtime wage obligations.

20. As a result of Defendant's intentional manipulation of these time records, Plaintiff's payroll records during the relevant time period do not accurately reflect the total amount of hours actually worked by Plaintiff.

21. Plaintiff last day of work with Defendant was on or about August 15, 2022.

## FLSA COVERAGE

22. Defendant is covered under the FLSA through enterprise coverage, as Defendant was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, Defendant and Plaintiff's work for the Defendant affected interstate commerce because the goods and materials Plaintiff and other employees used and/or handled on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same. Accordingly, Defendant was engaged in interstate commerce pursuant to 29 U.S.C. § 203(s)(1)(A).

23. During his employment with Defendant, Plaintiff and multiple other employees, handled and worked with various good and/or materials that have moved through interstate commerce, including, but not limited to the following: hand-tools, service trucks, jackhammers, cameras, hydro-jetting equipment, work gloves, extension cords, installation equipment, pens, computers, cellular telephones, order forms, and other related items.

24. Defendant regularly employed two (2) or more employees for the relevant time period, and these employees handled goods or materials similar to those goods and materials handled by Plaintiff, thus making Defendant's businesses enterprises covered by the FLSA.

25. Defendant grossed in excess of $500,000.00 in 2020 and 2021, and is expected to gross in excess of $500,000.00 in 2022.

### COUNT I – FEDERAL OVERTIME WAGE VIOLATIONS - 29 U.S.C. § 207

26. Plaintiff hereby re-alleges and re-avers Paragraphs 1 through 25 as though set forth fully herein.

27. Plaintiff alleges this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

28. During all times material hereto, Plaintiff was a non-exempt employee who was eligible for overtime wages when he worked in excess of forty (40) hours per week.

29. During the time period relevant to this lawsuit, Plaintiff regularly worked in excess of forty (40) hours per week.

30. However, Defendant failed to properly compensate Plaintiff in one or more workweeks for some of the hours worked in excess of forty (40) at a the applicable overtime wage premium.

31. Plaintiff is entitled to recover statutorily prescribed overtime wages at the applicable overtime wage rate for all hours worked in excess of forty (40) per week during the course of the previous three (3) years.

32. Defendant intentionally and/or willfully violated the FLSA or were reckless and/or indifferent as to its compliance with federal overtime law.

33. Accordingly, the statute of limitations in this action should be three (3) years as opposed to two (2) years.

34. Moreover, Defendant's willful and/or intentional violations of federal wage law entitle Plaintiff to an additional amount of liquidated, or double damages.

35. As a direct and proximate result of Defendant's conduct, Plaintiff has been damaged in an amount to be proven at trial, including, but not limited to, a sum equivalent to the unpaid overtime compensation as required by 29 U.S.C. § 216(b), plus liquidated damages, and any such further damages as may be shown at the time of trial.

WHEREFORE, Plaintiff, ALEXANDER WILLIAMS, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant, EXPRESS DRAIN & SEWER CLEANING, LLC f/k/a EM GROUP VENTURES, LLC, and award Plaintiff: (a) overtime wages; (b) liquidated damages; (c) all reasonable attorney's fees and litigation costs as permitted under the FLSA; and any and all such further relief as this Court may deem just and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDER WILLIAMS, hereby demands a trial by jury on all appropriate claims.

**Dated this 9th day of September 2022.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
1800 SE 10th Ave. Suite 205
Fort Lauderdale, Florida 33316
Ph: (954) 871-0050
*Counsel for Plaintiff*


By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No.
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on September 9, 2022.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

## SERVICE LIST: